UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------
ELAINE WANG,                                  :
                                              :
        Plaintiff,                        :  Case No. 1:23-cv-04545
                                              :
v.                                            :
                                              :  **COMPLAINT FOR VIOLATIONS OF**
CTI BIOPHARMA CORP., ADAM R.                  :  **SECTIONS 14(e), 14(d) AND 20(a) OF**
CRAIG, LAURENT FISCHER, DAVID                 :  **THE SECURITIES EXCHANGE ACT**
PARKINSON, DIANE PARKS, MATTHEW               :  **OF 1934**
D. PERRY, MICHAEL A. METZGER, and             :
REED V. TUCKSON,                              :  **JURY TRIAL DEMANDED**
                                              :
        Defendants.                       :
------------------------------------------------------

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against CTI Biopharma Corp. ("CTI Biopharma" or the "Company") and the members of CTI Biopharma's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of CTI Biopharma by affiliates of Swedish Orphan Biovitrum AB ("Sobi").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on May 25, 2023 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Cleopatra Acquisition Corp. ("Merger Sub"), an indirect wholly-owned subsidiary of Sobi, will merge with and into CTI Biopharma, with CTI Biopharma continuing as the surviving corporation and as a wholly-owned subsidiary of Sobi (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated May 10, 2023 (the "Merger Agreement"), each CTI Biopharma common share issued and outstanding will be converted into the right to receive $9.10 per share owned (the "Merger Consideration"). In accordance with the Merger Agreement, Sobi commenced a tender offer to acquire all of CTI Biopharma's outstanding common stock and will expire on June 23, 2023 (the "Tender Offer").

3. Defendants have now asked CTI Biopharma's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) CTI Biopharma's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Centerview. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act, as CTI Biopharma stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to CTI Biopharma's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.  Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company's stock trades on the NASDAQ Stock Exchange, headquartered in this District.

## PARTIES

9.  Plaintiff is, and has been at all relevant times, an owner of CTI Biopharma common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Adam R. Craig has served as a member of the Board since 2017 and is the Company's President and Chief Executive Officer.

11. Individual Defendant Laurent Fischer has served as a member of the Board since 2017 and is the Chairman of the Board.

12. Individual Defendant David Parkinson has served as a member of the Board since 2017.

13. Individual Defendant Diane Parks has served as a member of the Board since 2021.

14. Individual Defendant Matthew D. Perry has served as a member of the Board since 2016.

15. Individual Defendant Michael A. Metzger has served as a member of the Board since 2017.

16. Individual Defendant Reed V. Tuckson has served as a member of the Board since 2011.

17. Defendant CTI Biopharma is incorporated in Delaware and maintains its principal offices at 3101 Western Avenue, Suite 800, Seattle, Washington 98121. The Company's common stock trades on the NASDAQ Capital Market under the symbol "CTIC."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.    The Proposed Transaction**

20. CTI Biopharma, a biopharmaceutical company, focuses on the acquisition, development, and commercialization of novel targeted therapies for blood-related cancers in the United States. It offers VONJO (pacritinib), an oral kinase inhibitor with specificity for JAK2, FLT3, IRAK1, and CSF1R for the treatment of adult patients with myelofibrosis. CTI BioPharma has license and collaboration agreements with Teva Pharmaceutical Industries Ltd. and S*BIO Pte Ltd. The Company was formerly known as Cell Therapeutics, Inc. and changed its name to CTI

BioPharma Corp. in May 2014. CTI BioPharma was incorporated in 1991 and is headquartered in Seattle, Washington.

21. On May 10, 2023, the Company announced the Proposed Transaction:

> SEATTLE, May 10, 2023 /PRNewswire/ -- CTI BioPharma (Nasdaq: CTIC) ("CTI"), a commercial biopharmaceutical company focused on the development and commercialization of novel targeted therapies for blood-related cancers, today announced that it has entered into a definitive agreement under which Swedish Orphan Biovitrum AB (STO: SOBI) ("Sobi"), a global healthcare leader in hematology, immunology and specialty care, will acquire CTI for $9.10 per share of common stock in an all-cash transaction, representing an implied equity value of approximately $1.7 billion.
>
> The transaction will diversify Sobi's portfolio of leading hematology medicines through CTI's lead product, VONJO® (pacritinib), which is FDA-approved for the treatment of adult myelofibrosis patients with a platelet count below 50 x$10^9$/L. Bringing together Sobi and CTI is expected to enhance Sobi's commercial footprint in the U.S., and CTI will benefit from Sobi's resources, scale and strong international presence as it continues to grow and explore new indications and development opportunities for VONJO. Following the completion of the transaction, CTI will become a wholly owned subsidiary of Sobi. Together, Sobi and CTI expect to advance their shared mission to change the treatment paradigm for underserved patient communities suffering from rare diseases through new, innovative and effective medicines and therapies.
>
> "We are delighted to announce this transaction, which delivers a compelling all-cash premium to our shareholders, while positioning CTI to unlock the full potential of VONJO in treating myeloproliferative disease," said Adam Craig, M.D., Ph.D., M.B.A., President, Chief Executive Officer and Interim Chief Medical Officer of CTI BioPharma. "In Sobi, we've found a global partner whose mission, culture and strategic business priorities are aligned with ours, and by joining forces, we have access to additional financial and development resources to drive and enhance the growth of VONJO. As we enter CTI's next chapter with the support of Sobi, we'd like to recognize the extraordinary work of our talented employees, who will play a key role in the success of the combined company."

**Transaction Details and Closing**

The transaction price represents an 89% premium to CTI's closing share price on May 9, 2023, as well as a 95% premium to its 30 trading day volume-weighted average price of $4.67. The transaction, which was unanimously approved by CTI's Board of Directors, is expected to close in the third quarter of 2023.

Under the terms of the merger agreement, Sobi, through a wholly owned, indirect subsidiary, will commence a tender offer to acquire all outstanding shares of CTI for $9.10 per share of common stock in cash. Sobi has received an irrevocable undertaking from certain entities affiliated with BVF Partners L.P. (BVF) to tender all of their shares of common stock, representing 6.7% of all outstanding shares of CTI common stock.

The closing of the tender offer will be subject to certain conditions, including the tender of shares in the tender offer representing at least a majority of the total number of CTI's shares of common stock outstanding and the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. Upon the successful completion of the tender offer, Sobi's acquisition subsidiary will be merged into CTI, and any remaining shares of common stock of CTI will be cancelled and converted into the right to receive the same $9.10 per share in cash.

**First Quarter 2023 Earnings Results**

Given the transaction announcement, CTI does not intend to issue an earnings release for its first quarter 2023 financial results and will not host an earnings conference call.

**Advisors**

Centerview Partners LLC and MTS Health Partners are serving as CTI's financial advisors and Skadden, Arps, Slate, Meagher & Flom

LLP and Gibson, Dunn & Crutcher, LLP are serving as legal counsel.[1]

* * *

22. It is therefore imperative that CTI Biopharma's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B. **The Materially Incomplete and Misleading Solicitation Statement**

23. On May 25, 2023, CTI Biopharma filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

24. The Solicitation Statement fails to provide material information concerning financial projections by CTI Biopharma management and relied upon by Centerview in its analysis. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection

---

[1] *Sobi to Acquire CTI BioPharma*, PR NEWSWIRE (May 10, 2023), https://www.prnewswire.com/news-releases/sobi-to-acquire-cti-biopharma-301820453.html.

7

with the rendering of its fairness opinion, the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Centerview to aid them in forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that CTI Biopharma management provided to the Board and Centerview. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-03 (Del. Ch. 2007).

25. For the Company Projections, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: EBIT and Unlevered Free Cash Flow but fails to provide line items used to calculate the metrics ***and/or*** a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

26. The Solicitation Statement also fails to disclose the specific risk adjustments made by CTI Biopharma management related to the Company's forecasted risk-adjusted unlevered free cash flow. *See* Solicitation Statement at 32.

27. When a company discloses non-GAAP financial measures in a Solicitation Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or

8

released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

28. The SEC has noted that:

> [C]ompanies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[2]

29. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Centerview's Financial Analyses*

30. With respect to Centerview's *Selected Public Company Analysis*, the Solicitation Statement fails to disclose: (i) the financial metrics for each company selected by Centerview for the analysis; (ii) the basis for selecting the enterprise value 2026E Revenue Trading multiple reference range of 1.5x to 2.5x; (iii) the estimate of net cash of the Company as of December 31, 2022; and (iv) the number of fully-diluted shares of Company stock outstanding.

---

[2] U.S. Securities and Exchange Commission, *Non-GAAP Financial Measures*, last updated Apr. 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

31. With respect to Centerview's *Selected Precedent Transactions Analysis*, the Solicitation Statement fails to disclose: (i) the financial metrics and multiples for each transaction selected by Centerview for the analysis; and (ii) the basis for selecting a reference range of EV/4-Year Forward Revenue Multiples of 3.0x to 5.0x.

32. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 12.5% to 14.0%; (ii) the implied terminal value of the Company; (iii) the Company's weighted average cost of capital; (iv) the inputs and assumptions underlying the assumed perpetuity decline rate of 75% year over year after December 31, 2034; (v) the estimated total number of fully diluted outstanding shares of CTI Biopharma; and (vi) the specific risk adjustments made by the Company.

33. With respect to Centerview's *Analyst Price Target Analysis*, the Solicitation Statement fails to disclose the research analyst reports reviewed and the price targets published by each analyst.

34. With respect to Centerview's *Precedent Premiums Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions selected; and (ii) the premiums paid in those transactions.

35. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

38. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

39. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

40. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation

11

of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

41. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

42. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

43. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

### COUNT II
**Violations of Section 14(d)(4) of the Exchange Act and
Rule 14d-9 Promulgated Thereunder
(Against All Defendants)**

44. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

45. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

46. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

47. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

48. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

49. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

50. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of CTI Biopharma within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of CTI Biopharma, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did

influence and control, directly or indirectly, the decision-making of CTI Biopharma, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of CTI Biopharma, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

54. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

55. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

56. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their

acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

57. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 31, 2023

        **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

        /s/ *Benjamin Y. Kaufman*
        Benjamin Y. Kaufman
        Rourke C. Donahue
        270 Madison Avenue
        New York, NY 10016
        Telephone: (212) 545-4620
        Fax: (212) 686-0114
        kaufman@whafh.com
        donahue@whafh.com

        *Attorneys for Plaintiff*